UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| LANCE BURNS, on behalf of himself and all others similarly situated, </br></br>Plaintiffs,</br></br>vs.</br></br>EGS FINANCIAL CARE, INC.,</br></br>Defendant. | Case No. 4:15-cv-06173-DGK |

**ORDER GRANTING JOINT MOTION FOR TEMPORARY STAY**

This is a putative class action arising from alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* This case is included in the Court's Mediation and Assessment Program ("MAP"), and the Mediation Conference is currently set for April 14, 2016, at 9:30 a.m. (Doc. 41). On March 16, 2016, the Court entered an order granting Defendant's motion for extension of time to respond to Plaintiffs' motion for conditional class certification (Doc. 40). In its order, the Court set a deadline of May 2, 2016, for limited discovery on the issue of conditional class certification.

Now before the Court is the parties' Joint Motion to Temporarily Stay Proceedings (Doc. 44) pending analysis of electronic data and the outcome of settlement or mediation. In this motion, the parties contend that a stay is required to allow them opportunity to assemble, exchange, and review a portion of electronic data that they believe is critical in establishing their claims and defenses. The parties argue that this information will allow them to engage in more meaningful direct settlement negotiations and participate effectively in mediation. For the reasons set forth below, the motion is GRANTED.

A district court possesses "broad discretion to stay proceedings as an incident to its

1

power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  In considering whether to grant a stay, a court considers multiple factors, including whether the applicant will be irreparably harmed absent a stay; whether issuance of the stay will substantially injure the other parties interested in the proceeding; the balance of harms in delaying discovery against the possibility that the underlying motion will dispose of the case; the public interest; and the breadth of pending discovery.  *Nken v. Holder*, 556 U.S. 418, 433-34 (2009); *TE Connectivity Networks, Inc. v. All Sys. Broadband, Inc.*, No. 13-1356 ADM/FLN, 2013 WL 4487505, at *2 (D. Minn. Aug. 20, 2013).

These factors weigh in favor of granting a temporary stay of the proceedings in this case.  The parties are still in the preliminary stages of discovery, and a stay may allow them to simplify factual disputes and streamline issues for trial.  Because the parties have agreed to toll the statute of limitations for any person who wishes to join as a plaintiff in this action during this period, no party will be substantially injured by granting a stay.  *See* Joint Mot. for Temp. Stay at ¶ 13 (Doc. 44); Joint Stipulated Tolling Agrmnt. at ¶ 3 (Doc. 44).  Further, the possibility of an amicable resolution of this case outweighs the harm in delaying discovery, and the interests of judicial economy favor such a resolution.

Accordingly, the Joint Motion to Temporarily Stay Proceedings (Doc. 44) is GRANTED.  The parties shall file a joint status report detailing the progress made with respect to (1) the electronic discovery analysis at issue, and (2) the parties' efforts toward settlement within thirty (30) days of this order.  This stay shall be lifted no later than 120 days after the date of this order.

**IT IS SO ORDERED.**

Date: <u>April 12, 2016</u>                             <u>/s/Greg Kays</u>
                                                                    GREG KAYS, CHIEF JUDGE
                                                                    UNITED STATES DISTRICT COURT