**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**ST. JOSEPH DIVISION**

| | |
|---|---|
| LANCE BURNS, et al | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) No. 5:15-cv-6173-DGK |
| | ) |
| EGS FINANCIAL CARE, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER APPROVING FLSA SETTLEMENT

This case arises out of plaintiffs' employment as telephone-dedicated customer service representatives for Defendant EGS Financial Care, Inc. ("EGS"). Plaintiffs allege that EGS violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, by failing to compensate them for overtime hours worked.

Now before the Court is the parties' joint motion for approval of settlement (Doc. 51) and supplemental briefing to the joint motion to approve the FLSA settlement (Docs. 53, 55). For the following reasons, the motion is GRANTED. Plaintiffs' motion to certify class (Doc. 12) is DENIED AS MOOT.

### Background

On December 15, 2015, Lance Burns, Cynthia Coons Annigan, Michael Rudesal, and Susan Keller ("Named Plaintiffs") filed this FLSA collective action against EGS on behalf of themselves and all others similarly situated. The remaining 110 plaintiffs ("Unnamed Plaintiffs") later joined this action by filing opt-in consent forms (Docs. 3-11, 25, 28, 29, 30, 34).[1] Before plaintiffs' motion for conditional certification of the class was ripe for review, the parties reached proposed settlements of the Named Plaintiffs' and Unnamed Plaintiffs' claims.

---

[1] The claims of thirteen unnamed plaintiffs that filed opt-in consent forms are not included in the proposed settlement and have been dismissed without prejudice (Doc. 56).

There are two separate settlement agreements: one regarding the four Named Plaintiffs' claims (the "Named Plaintiff Settlement") (Doc. 55), and another regarding the Unnamed Plaintiffs' claims (the "Unnamed Plaintiff Settlement") (Doc. 55-1).

Under the settlements, EGS will pay Named Plaintiffs and Unnamed Plaintiffs using the following formula: (12 minutes per day $x$ 5 days $x$ the average hourly rate per minute $x$ the number of weeks worked between December 2012 and December 2015) – (paid time off ("PTO") $x$ 1.25). Additionally, each of the Named Plaintiffs will receive a $250 enhancement award in consideration for their role in the litigation. 30% of each individual's compensation will be set aside for attorneys' fees.[2] In return, the Named Plaintiffs and Unnamed Plaintiffs agree to dismiss their FLSA claims against EGS with prejudice, release EGS from future liability relating to employee compensation, and set aside 30% of each award for attorneys' fees. Both settlements also contain confidentiality clauses. Named Plaintiffs shall keep all non-public terms and conditions of the settlement, non-public facts regarding EGS's business operations, and the negotiations concerning the settlement confidential (Doc. 55 ¶ 10). Unnamed Plaintiffs shall keep all non-public terms and conditions of the settlement, the settlement amount, and non-public facts regarding EGS's business operations confidential (Doc. 55-1 ¶ 8).

## Standard

An employee may compromise or waive an FLSA claim "if [the] employee brings suit directly against a private employer pursuant to § 216(b) of the statute, and the district court enters a stipulated judgment" on the settlement after scrutinizing the settlement for fairness. *Copeland v. ABB, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008) (noting that FLSA rights can only be compromised in a court action where the employee initiates the lawsuit against the employer);

___

[2] These fees are to be paid out *after* each settlement agreement is executed by the individual (Doc. 55 ¶ 8; Doc. 55-1 ¶ 2).

*Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). To approve an

FLSA settlement under 29 U.S.C. § 216(b), the court must find that: "(1) the litigation involves a

bona fide dispute; (2) the proposed settlement is fair and equitable to all parties concerned; and

(3) the proposed settlement contains an award of reasonable attorneys' fees." *Grove v. ZW Tech,*

*Inc.*, No. 11-2445-KHV, 2012 WL 4867226, at *3 (D. Kan. Oct. 15, 2012).

Public policy favors settlements of FLSA claims. *Lynn's Food Stores*, 679 F.2d at 1354.

In reviewing a proposed settlement, a court must not substitute "its own judgment as to optimal

settlement terms for the judgments of the litigants and their counsel." *Petrovic v. Amoco Oil Co.*,

200 F.3d 1140, 1148-49 (8th Cir. 1999) (affirming an order approving a proposed settlement in a

class action case).

## Discussion

The Court finds each Settlement satisfies all of the prerequisites for approval.

**A.      The parties have shown a bona fide wage and hour dispute exists.**

To demonstrate a bona fide wage and hour dispute exists, the parties must provide the

reviewing court with the following information:

> (1) a description of the nature of the dispute (for example, a
> disagreement over coverage, exemption or computation of hours
> worked or rate of pay); (2) a description of the employer's business
> and the type of work performed by the employees; (3) the
> employer's reasons for disputing the employees' right to a
> minimum wage or overtime; (4) the employees' justification for
> the disputed wages; and (5) if the parties dispute the computation
> of wages owed, each party's estimate of the number of hours
> worked and the applicable wage.

*Gambrell v. Weber Carpet, Inc.*, No. 10-2131-KHV, 2012 WL 162403, at *3 (D. Kan. Jan. 19,

2012).

The parties have demonstrated a bona fide dispute exists concerning: (1) whether

3

plaintiffs correctly followed company policy regarding login and timekeeping system access procedures; (2) whether plaintiffs performed off-the-clock work; (3) the amount of such off-the-clock work; (4) whether EGS had any knowledge of plaintiffs' off-the-clock work; and (5) whether plaintiffs' off-the-clock work was de minimis and therefore not compensable as a matter of law. EGS operates a collection business and employs collectors who work in its call centers and remotely from their home offices using the business network. Plaintiffs here primarily worked from home. Plaintiffs contend that pre-shift time spent accessing the business network and timekeeping system is compensable. They further contend that the time spent logging into and out of the network and timekeeping system for lunch breaks is compensable. EGS asserts that no work was performed off the clock and it paid plaintiffs for every minute that they were logged into the company's timekeeping system. Plaintiffs allege that some employees were not compensated by as much as 30 minutes each work day. EGS asserts that any unpaid time was de minimis.

Thus, a bona fide dispute exists.

**B.      Each settlement is fair and equitable to all parties.**

To evaluate the fairness and equitableness of an FLSA settlement, the Court considers the following factors:

> (1) at what stage of the litigation the settlement was reached, and the complexity, expense, and likely duration of the remaining litigation; (2) how the settlement was negotiated, *i.e.*, whether there are any indicia of collusion; (3) class counsel, the parties, and the class members' opinions about the settlement; and (4) whether the present value of the settlement outweighs the potential recovery after continued litigation.

*McGee v. Concentra Health Servs., Inc.*, No. 12-CV-1277-W-DGK, 2015 WL 58532, at *3 (W.D. Mo. Jan. 5, 2015).

Taken together, these factors favor approving the settlements. Though the parties

4

reached these agreements before performing substantive motion work, the Court stayed this matter for the express purpose of allowing the parties to engage in meaningful discovery and negotiate a settlement. The settlements were obtained after arms-length negotiations and there are no indicia of collusion.[3] The parties' counsel agree that the agreements were fairly negotiated, and the Named Plaintiffs have expressly stated that they agree to the settlement terms. Plaintiffs have declined to pursue class certification. The Court further finds that the agreements are equitable to the plaintiffs with regard to one another. The additional compensation paid to the Named Plaintiffs is only $250, and fairly accounts for the time and effort the named plaintiffs have put forth in the litigation. Finally, the Court accepts the parties' assertion that plaintiffs' immediate recovery under the agreements outweighs the risk of taking this claim to trial.

## C.    The settlements provide for a reasonable award of attorneys' fees.

Finally, the settlements provide for a reasonable award of attorneys' fees. The FLSA entitles a prevailing plaintiff to an award of fees and costs, and although the court has discretion in determining what a reasonable fee is, a fee award is mandatory. *Gambrell*, 2012 WL 162403, at *2. Because the settlements provide plaintiffs with some benefit, they are the prevailing party and their attorneys are entitled to a reasonable fee.

Under the agreements, plaintiffs' counsel's fees are individualized and directly related to each settlement. Counsel will recover 30% of each settling plaintiff's individual gross settlement amount, and counsel will be compensated only for such plaintiffs who actually claim their

---

[3] The Court has expressed concerns about the confidentiality clauses of the agreements, given the presumption in favor of openness attending FLSA wage-settlement agreements. *See, e.g., Stewart v. USA Tank Sales & Erection Co., Inc.*, No. 12-051360-CV-SW-DGK, 2014 WL 836212, at *7 (W.D. Mo. Mar. 4, 2014). Here, the settlement calculation formula is part of the judicial record and is available to the public, and both Named and Unnamed Plaintiffs may disclose the formula under the terms of the confidentiality clauses. Further, the agreements do not contain a liquidated damages penalty in the event of a breach related to the confidentiality clauses. For these reasons, the Court finds that the confidentiality clauses are fair and equitable.

settlement payment. If each plaintiff claims his or her settlement, plaintiffs' counsel will receive a gross amount of $33,630.64, an amount slightly less than the lodestar amount calculated in their brief. Supp. Br. at 3 (calculating a lodestar amount of $34,408.25 for hours worked by attorneys and a paralegal). The Court finds that this amount is reasonable under the circumstances.

## Conclusion

Because the relevant factors support approval, the Court GRANTS the parties' joint motion for settlement approval (Doc. 51) as modified in their supplemental briefing (Doc. 53) and as set forth in the Named Plaintiff Settlement (Doc. 55) and Unnamed Plaintiff Settlement (Doc. 55-1) submitted to the Court. Plaintiffs' motion to conditionally certify the class (Doc. 12) is DENIED AS MOOT.

**IT IS SO ORDERED.**


Date: September 19, 2016                         /s/ Greg Kays
                                                 GREG KAYS, CHIEF JUDGE
                                                 UNITED STATES DISTRICT COURT